## SUSAN ANDERSON v. M. H. GILL, ET AL.

**Conveyance by Husband and Wife—Dower.**

Where a husband and wife join in a general conveyance of real estate all the wife's interest is conveyed, and if it is her husband's land such deed effectually relinquishes her right of dower therein.

APPEAL FROM GARRARD COURT OF COMMON PLEAS.

April 5, 1878.

OPINION BY JUDGE PRYOR:

It is manifest from the language of the conveyance in question that the parties to that instrument passed to the vendee of the husband all the right, title and interest they had in the land, whether contingent, inchoate or vested, and the wife's right to dower by reason of the marital relation is forever barred. When a feme covert desires to sell her own land, or the husband desires to sell his own land, during the coverture, the only mode by which the wife can be divested of title if she owns the fee, or of her contingent right of dower if it is the husband's land, is by a conveyance in conjunction with the husband in the manner pointed out by the statute, or by a separate instrument, if the husband has theretofore conveyed. Sec. 20, Chap. 24, Gen. Stat. The wife being a grantor, as in this case, when she signed and acknowledged the deed, the certificate of the clerk, if an officer of this state, that it was acknowledged before him (at the time mentioned) by the feme, will be sufficient to pass all her right, title and interest, legal or equitable, vested or contingent. It is not necessary to determine the character of interest the wife has in the husband's lands. She has, strictly speaking, no estate, and cannot be a tenant in dower unless she survives the husband; but she has such a contingent interest as encumbers the title, and that may be sold by the wife or conveyed, or, to use the language of counsel, relinquished.

It is an interest of value. The husband may set apart for the separate use of the wife against the claims of his creditors the value of this contingent right of dower in consideration of her having relinquished in favor of his grantee, under an agreement that she should have the value of this interest. The statute authorizes her to part with this right, for the purpose of enabling the vendee of the husband to acquire a perfect title; and while the chancellor cannot compel her to relinquish, he will protect her rights acquired under such an agreement. It is not necessary to state in the deed that the

wife has relinquished, or that they (husband and wife) would sell, convey or relinquish. There is nothing in the statute on conveyances authorizing or requiring the wife to relinquish her dower in express words in order to divest her of that right; and the mode pointed out by the statute for conveyances or deeds of married women is entirely silent on this subject. The words "sell and convey" are more comprehensive in meaning than the word "relinquish," and if the feme is permitted to relinquish a right, vested or contingent, if she says she sells and conveys, why should not the same meaning be attached to it?

The statute is: "That married women may convey any real or personal estate which they own, or in which they have an interest, legal or equitable, in possession, reversion or remainder." Now, suppose the wife in selling her land should, in a deed with the husband, state that they sell and relinquish to "A" and his heirs forever all the right, title and interest of the wife in and to the land (describing it) descended to the wife from her father in consideration, etc., and they agree to warrant the title, etc. The word "relinquish" is here substituted for the word "convey" used in the statute, and would any court be so technical in the application of legal terms or in the meaning of ordinary words as to say that the deed passed nothing because the language of the statute was not followed?

Counsel can find no statute authorizing in express terms the mode in which dower is to be relinquished. The chapter on conveyances and the mode of acknowledging deeds therein prescribed is the only law under which the feme can pass her title or interest, whether remote or contingent. The word "relinquish" is not used in it, and is nowhere to be found except under the title of husband and wife, in which it is said the wife is entitled to dower, etc., "unless her right to such dower shall have been barred, forfeited or relinquished." How may she relinquish it? She can do so by uniting in a conveyance with the husband, passing all her right, title and interest in the land, and by the use of such terms as create either a grant or relinquishment. The deed upon its face may show that the wife does not intend to part with her dower. If so, the right is retained. Where the wife unites with the husband in a conveyance of his land, and acknowledges the same as provided by the statute, all her in-

terest passes, and whether the words used imply a grant or relinquishment the effect is the same. The bar is effectual.

Judgment below is *affirmed*.

*Burdett & Hopper, for appellant.*

*Wm. McKee Duncan, Durham & Jacobs, R. M. and W. O. Bradley, for appellees.*